BRETT L. TOLMAN, United States Attorney (#8821)
JARED C. BENNETT, Assistant United States Attorney (#9097)
Attorneys for the United States of America
185 South State Street, Ste. 300
Salt Lake City, Utah 84111
Telephone:  (801) 524-5682
_____

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil Nos.  1:08 CV156 CW |
| Petitioner, | : | **REPORT AND RECOMMENDATION** |
| vs. | : | Honorable Clark Waddoups |
| | | Magistrate Judge David Nuffer |
| LORRIE E. THURGOOD, | : | |
| Respondent. | : | |

_____

On December 12, 2008, the United States of America filed a petition to enforce its July 14, 2008 IRS Summons ("the Summons") pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).  Judge Waddoups issued an Order to Show Cause ("OTSC") on December 15, 2008, which referred this matter to the undersigned for a hearing scheduled for February 18, 2009.

The OTSC directed Respondent to file a written response supported by sworn affidavits to the United States' Petition to Enforce the Summons ("the Petition") within ten days of the OTSC being served upon her.  The OTSC also directed the undersigned to convene a hearing on February 18, 2009 at 10:00 a.m. to hear any arguments that would assist the undersigned in determining whether Respondent has shown cause as to why she should not be ordered to comply with the Summons.

Prior to the February 18th hearing, IRS was unable to personally serve Respondent with the Petition and OTSC.  Instead, IRS taped a copy of the documents to Respondent's front door and

mailed them to her via certified mail.  Respondent did not appear at the February 18, 2009 hearing.  Since Respondent had not been personally served, this matter was continued until April 7, 2009.

Despite repeated attempts to serve Respondent after hours, IRS still could never find anyone at Respondent's home.  Consequently, IRS was only able to tape a copy of the relevant documents to Respondent's front door and send a copy to of the documents to Respondent by registered mail.  Respondent failed to appear at the April 7, 2009 hearing.  Since Respondent had not been personally served, this matter was continued until June 10, 2009.

Once again, IRS attempted to serve the Petition and OTSC after hours but was unable to find anyone at Respondent's home.  Consequently, IRS was only able to tape a copy of the documents to Respondent's front door.  Also, under my order, IRS mailed copies of the documents via registered mail and regular mail to Respondent, and by regular mail to the home of Respondent's parents.  Despite all of this, Respondent still failed to appear at the June 10, 2009 hearing, which caused this Court to enter a bench warrant for failure to appear.

Upon receiving notice of the bench warrant, Respondent obtained counsel, and a hearing was held on the Petition and OTSC on June 30, 2009 before the bench warrant had been executed.  After the arguments and representations made in the written submissions and at the June 30, 2009 hearing, I report the following:

1.      The United States has carried its burden of proof to enforce the Summons.  Through the Summons and the declaration of the revenue officer that were attached to the Petition, the United States established that: (1) it sought the summoned information for a legitimate purpose, (2) the summoned information is relevant to the legitimate purpose, (3) the summoned information was not already in the possession of the United States; and (4) that the United States followed proper administrative procedures.

2.      Once the United States has established its initial burden of proof, the burden shifts to Respondent to show why she should not be compelled to comply with the Summons. Respondent has failed to show cause as to why she should not be ordered to comply with the Summons. In any event, Respondent agreed at the hearing to comply with the Summons by August 3, 2009.

## RECOMMENDATION

Consequently, I recommend that:

1.      The District Court find that Respondent has failed to show cause why she should not be compelled to comply with the Summons; and

2.      The District Court order Respondent to provide the information required by the Summons to the IRS by no later than August 3, 2009.

Within 10 days after being served with a copy of this Report and Recommendation, a party may serve and file specific, written objections. A party may respond to another party's objections within 10 days after being served with a copy thereof. Pursuant to 28 U.S.C. § 636(b)(1)(C), the District Judge to whom this case is assigned shall make a *de novo* determination upon the record of any portion of the undersigned's disposition to which specific written objection has been made. The District Judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this 3rd day of July 2009.

BY THE COURT:

_____
DAVID NUFFER, Magistrate Judge
United States District Court

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Utah, and that a copy of the foregoing REPORT AND RECOMMENDATION was e-mailed for approval, this 1st day of July 2009 to the following:

Deirdre A. Gorman
dagorman@qwestoffice.net

                                        /s/ Jared C. Bennett